# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT - STOCKTON
08 JUN -6 PM 1:46
ROSA JUNQUEIRO, CLERK
BY DOMINIC WILLIS
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DAVOL, INC., C.R. BARD, INC., LODI MEMORIAL HOSPITAL, and NAGUI SOROUR, M.D.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LEONARD RALSTON, ANGELITA RALSTON, EMERSON RALSTON and BYRON RALSTON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
222 E. Weber Ave., Rm 303
Stockton CA 95202-2709

CASE NUMBER: 39-2008-00185831-CU-PL-STK

STOCKTON BRANCH

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
VICTOR F. STEFAN, ESQ. SBN 58386 (408)298-5678 (408)298-7503
THE BOCCARDO LAW FIRM
111 W. St. John Street, Suite 400

DATE: June 6, 2008 *(Fecha)* ROSA JUNQUEIRO Clerk, by *(Secretario)* DOMINIC WILLIS, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
VICTOR F. STEFAN, ESQ. SBN 58386
THE BOCCARDO LAW FIRM
111 W. St. John Street, Suite 400
San Jose, CA 95113
TELEPHONE NO.: (408)298-5678 FAX NO.: (408)298-7503
ATTORNEY FOR (Name): PLAINTIFFS

FOR COURT USE ONLY

FILED
SUPERIOR COURT-STOCKTON
08 JUN -6 PM 1:49
ROSA JUNQUEIRO, CLERK
DOMINIC WILLIS
BY ________ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 E. Weber Ave., Rm 303
MAILING ADDRESS: Stockton CA 95202-2709
CITY AND ZIP CODE: Stockton CA 95202-2709
BRANCH NAME: STOCKTON BRANCH

CASE NAME: RALSTON, ET AL. V. DAVOL, INC., ET AL.

# CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 39-2008-00185831-CU-PL-STK
JUDGE: ELIZABETH HUMPHREYS
DEPT:

BY FAX

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): 2 - Product Liability, Medical Negligence
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: June 6, 2008
VICTOR F. STEFAN, ESQ. SBN 58386
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTR IONS ON HOW TO COMPLETE THE C ER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
VICTOR F. STEFAN, ESQ. SBN 58386
THE BOCCARDO LAW FIRM
111 W. St. John Street, Suite 400
San Jose, CA 95113

TELEPHONE NO: (408)298-5678 FAX NO. (Optional): (408)298-7503
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFFS

FOR COURT USE ONLY

FILED
SUPERIOR COURT-STOCKTON
08 JUN -6 PM 1:49
ROSA JUNQUEIRO, CLERK
BY DOMINIC WILLIS
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 E. Weber Ave., Rm 303
MAILING ADDRESS: Stockton CA 95202-2709
CITY AND ZIP CODE: Stockton CA 95202-2709
BRANCH NAME: STOCKTON BRANCH

PLAINTIFF: LEONARD RALSTON, ANGELITA RALSTON, EMERSON RALSTON and BYRON RALSTON

DEFENDANT: DAVOL, INC., C.R. BARD, INC., LODI MEMORIAL HOSPITAL, and NAGUI SOROUR, M.D.

[X] DOES 1 TO 20

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

[ ] AMENDED (Number):

Type *(check all that apply):*

[ ] MOTOR VEHICLE [X] OTHER *(specify):* Products Liability - Medical Malpractice

[ ] Property Damage [X] Wrongful Death

[ ] Personal Injury [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*

[ ] ACTION IS A LIMITED CIVIL CASE

Amount demanded [ ] does not exceed $10,000

[ ] exceeds $10,000, but does not exceed $25,000

[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint

[ ] from limited to unlimited

[ ] from unlimited to limited

CASE NUMBER:
39-2008-00185831-CU-PL-STK

1. Plaintiff *(name or names):* LEONARD RALSTON, ANGELITA RALSTON, EMERSON RALSTON and BYRON RALSTON
alleges causes of action against defendant *(name or names):* DAVOL, INC., C.R. BARD, INC., LODI MEMORIAL HOSPITAL, and NAGUI SOROUR, M.D.
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult

THIS CASE HAS BEEN ASSIGNED TO JUDGE ELIZABETH HUMPHREYS DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

BY FAX

a. [ ] except plaintiff *(name):*
   (1) [ ] a corporation qualified to do business in California
   (2) [ ] an unincorporated entity *(describe):*
   (3) [ ] a public entity *(describe):*
   (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
   (5) [ ] other *(specify):*

b. [ ] except plaintiff *(name):*
   (1) [ ] a corporation qualified to do business in California
   (2) [ ] an unincorporated entity *(describe):*
   (3) [ ] a public entity *(describe):*
   (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
   (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

PLD-PI-001

| SHORT TITLE: RALSTON, ET AL. V. DAVOL, INC., ET AL. | CASE NUMBER: |
| --- | --- |

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [X] except defendant *(name):* DAVOL, INC.
(1) [ ] a business organization, form unknown
(2) [X] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

b. [X] except defendant *(name):* C.R. BARD, INC.
(1) [ ] a business organization, form unknown
(2) [X] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

c. [X] except defendant *(name):* LODI MEMORIAL HOSPITAL
(1) [X] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

d. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [X] Doe defendants *(specify Doe numbers):* 1-20 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [X] Doe defendants *(specify Doe numbers):* 1-20 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. [X] at least one defendant now resides in its jurisdictional area.
b. [X] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, and
a. [ ] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: RALSTON, ET AL. V. DAVOL, INC., ET AL. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [ ] Motor Vehicle
   b. [ ] General Negligence
   c. [ ] Intentional Tort
   d. [X] Products Liability
   e. [ ] Premises Liability
   f. [X] Other *(specify):* Medical Malpractice

11. Plaintiff has suffered
   a. [ ] wage loss
   b. [ ] loss of use of property
   c. [X] hospital and medical expenses
   d. [X] general damage
   e. [ ] property damage
   f. [ ] loss of earning capacity
   g. [X] other damage *(specify):* Funeral and burial expenses, the loss of love, companionship, comfort, care, assistance, protection, affection, society and financial and moral support of a mother.

12. [X] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [X] as follows:

   LEONARD RALSTON, EMERSON RALSTON and BYRON RALSTON - Sons

   ANGELITA RALSTON - Daughter

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
      (2) [ ] punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [X] according to proof
      (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: June 6, 2008

VICTOR F. STEFAN, ESQ.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(5)

| SHORT TITLE: RALSTON, ET AL. V. DAVOL, INC., ET AL. | CASE NUMBER: |
|---|---|

1st (number) **CAUSE OF ACTION—Products Liability** Page 4

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: LEONARD RALSTON, ANGELITA RALSTON, EMERSON RALSTON and BYRON RALSTON

Prod. L-1. On or about *(date)*: March 9, 2007 plaintiff was injured by the following product: Bard Composix Kugel Patch/Mesh, Kugel Composix 19x24cm REF#0010208 (LOT#43COD292)

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a The children of decedent Adela Joralmon who was a
[X] purchaser of the product.
[ ] bystander to the use of the product.
[X] user of the product.
[X] other *(specify)*: Surgical patient in whom the defective product was implanted.

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] **Count One--Strict liability** of the following defendants who
a. [X] manufactured or assembled the product *(names)*: DAVOL, INC. and C.R. BARD, INC.
[X] Does 1 to 5
b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:
[X] Does 6 to 8
c. [X] sold the product to the public *(names)*: LODI MEMORIAL HOSPITAL
[X] Does 9 to 10

Prod. L-5. [X] **Count Two--Negligence** of the following defendants who owed a duty to plaintiff *(names)*: DAVOL, INC. and C.R. BARD, INC. and LODI MEMORIAL HOSPITAL
[X] Does 11 to 13

Prod. L-6. [X] **Count Three--Breach of warranty** by the following defendants *(names)*: DAVOL, INC. and C.R. BARD, INC. and LODI MEMORIAL HOSPITAL
[X] Does 14 to 17
a. [X] who breached an implied warranty
b. [X] who breached an express warranty which was
[X] written [X] oral

Prod. L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod. L-7 [X] as follows: Defendant Nagui Sorour, M.D. fell below the standard of care on October 3, 2005 during his surgical repair of Adela Joralmon's ventral incisional hernia.

PLD-PI-001(2)

| SHORT TITLE: RALSTON, ET AL. V. DAVOL, INC., ET AL. | CASE NUMBER: |
|---|---|

2nd (number) CAUSE OF ACTION—~~General Negligence~~ MEDICAL NEGLIGENCE Page 5

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: LEONARD RALSTON, ANGELITA RALSTON, EMERSON RALSTON and BYRON RALSTON

alleges that defendant *(name)*: NAGUI SOROUR, M.D.

[X] Does 18 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: March 9, 2007

at *(place)*: Fairmont Rehabilitation Hospital, Lodi, California

*(description of reasons for liability)*:

a) Defendant Nagui Sorour, M.D. is a health care provider licensed in California pursuant to Business and Professions Code Sections 2000-2459 and was at all times practicing as a physician/surgeon at the Lodi Memorial Hospital, San Joaquin County, California.

b) On or about October 3, 2005 Plaintiffs' decedent Adela Joralmon underwent the surgical repair of a ventral hernia at the Lodi Memorial Hospital. The surgeon was Nagui Sorour, M.D. Plaintiffs' decedent Adela Joralmon, employed Defendant, to diagnose and treat Adela Joralmon with regard to her vetral hernia. Defendant agreed, for compensation, to diagnose and treat Adela Joralmon's medical condition and to do all things necessary for her care including but not limited to surgical repair of her ventral hernia, hospital management and necessary post-operative care. While Plaintiffs' decedent, Adela Joralmon was under the full and exclusive care and control of defendant Nagui Sorour, M.D. said Defendant, negligently, carelessly and unskillfully examined, treated, cared for, diagnosed, operated upon, medically treated with medications, attended and otherwise handled and controlled the care of Plaintiffs' decedent, thereby proximately causing injury and death to Adela Joralmon and damages to Plaintiffs herein.

c) Plaintiffs are informed and believe and thereon allege that Defendant Nagui Sorour, M.D. obtained from the Defendant hospital, Lodi Memorial Hospital, at the time of the October 3, 2005 surgical repair of Adela Joralmon's ventral hernia a Bard Composix Kugel Patch/Mesh, Kugel Composix 19x24cm and that Defendant Nagui Sorour, M.D. was negligent and careless in ordering this particular patch and that said Defendant lacked the necessary knowledge and skill to properly care for Adela Joralmon's condition and was negligent and unskillful in the diagnosing, surgical management and treatment of Adela Joralmon's conditions.

d) As a result of the Defendants' negligence, Plaintiffs' decedent, Adela Joralmon was not properly treated and as a result Adela Joralmon died on 3/9/07.